

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,704-02

**EX PARTE JOAN NOIS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W13-58240-L(A) IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to forty years' imprisonment. His first appeal was dismissed for want of jurisdiction. *Nois v. State*, No. 05-16-00132-CR (Tex. App. — Dallas, March 17, 2016) (not designated for publication). This Court granted Applicant an out-of-time appeal on December 13, 2017. *Ex parte Nois*, No. WR-87,704-01 (Tex. Crim. App. Dec. 13, 2017)(not designated for publication). The resulting appeal was also dismissed for lack of jurisdiction. *Nois v. State*, No. 05-18-00495-CR (Tex. App. — Dallas, July 3, 2018) (not designated for publication).

Applicant contends that he was denied his right to appeal because appellate counsel was not appointed until the time for filing notice of appeal had passed.

The trial court has determined that because appellate counsel was not timely appointed, Applicant was deprived of his right to appeal through no fault of his own. See *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. W13-58240-L(A) from the Criminal District Court No. 5 of Dallas County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 27, 2019
Do not publish